Graham B. Miller, OSB No. 161424
gmiller@wshblaw.com
Caroline A. Hopkins, OSB No. 183680
chopkins@wshblaw.com
Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971-256-4010
Facsimile: 971-275-1928

*Attorneys for Defendants H B T, Inc. dba HB Transportation and Kawaljit Singh Bajwa*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELSEA DAHL aka Kelsea Hutchins,<br><br>    Plaintiff,<br><br>    v.<br><br>H B T, INC., individually and doing business as H B Transportation; and KAWALJIT SINGH BAJWA<br><br>    Defendants. | Case No.<br><br><br>NOTICE OF REMOVAL TO FEDERAL COURT |

Defendants H B T, Inc. dba HB Transportation (hereinafter, "HB Transportation") and Kawaljit Singh Bajwa (hereinafter, "Bajwa")(hereinafter collectively, "Defendants"), hereby give notice that the action styled as Kelsea Dahl v. H B T, Inc., individually and doing business as H B Transportation, and Kawaljit Singh Bajwa, is removed from the Circuit Court of the State of Oregon for the County of Multnomah to the United States District Court for the District of Oregon (Portland Division).

## GROUNDS FOR REMOVAL

This Court has original jurisdiction of the action under diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1411(a) and 1446. This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446 for the following reasons:

1. Plaintiff Kelsea Dahl filed a Summons and Complaint (the "Complaint") against Defendants in the Circuit Court for the State of Oregon for the County of Multnomah on or about July 16, 2021, under case number 21CV28833. The Complaint states claims for Negligence. (A true and correct copy of Plaintiff's Amended Summonses and Complaint are attached to the Declaration of Caroline A. Hopkins as Exhibit "A".)

2. The Complaint alleges total damages of $74,999.99 for non-economic damages only, exclusive of interest and costs.

3. The Complaint states Defendant HB Transportation is a California corporation.

4. HB Transportation was incorporated in California and remains a California corporation. Its principal place of business is in Yuba City, California. HB Transportation's officer direct, control, and coordinate the corporation's activities primarily from California. (See Declaration of Sarbjit S. Hayer in Support of Defendants' Notice of Removal to Federal Court, ¶¶ 2-5.)

5. The Complaint also states that Defendant Bajwa is a California resident.

6. The Complaint further states that Kelsea Dahl at all material times was a resident of Oregon.

7. On October 11, 2021, Defendants filed an Answer with a Jury Trial Requested. (A true and correct copy of the Answer of Defendants is attached to the Declaration of Caroline A. Hopkins as Exhibit "B.")

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

8.      On January 6, 2022, the state court dismissed H B T, Inc. (A true and correct copy of the Dismissal is attached to the Declaration of Caroline A. Hopkins as Exhibit "C.")

9.      On May 3, 2022, Defendants received a demand letter from Plaintiff, dated the same day (May 3, 2022).

10.     Plaintiff's demand letter sets forth that, although not set forth in her Complaint, she is seeking $13,470.86 pursuant to a Personal Injury Protection ("PIP") lien for medical treatment paid for by an insurer for Plaintiff. (A true and correct copy of Plaintiff's demand letter is attached to the Declaration of Caroline A. Hopkins as Exhibit "D.")

11.     Pursuant to Oregon Revised Statute § 742.536(3)(b), if an insurer seeks a lien for Personal Injury Protection benefits paid, "the injured person shall include the benefits the insurer furnished as damages in a claim or legal action." Furthermore, "in the case of a legal action, the action must be taken in the name of the injured person." ORS § 742.536(3)(c).

12.     Pursuant to 28 U.S.C. §1332(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." Pursuant to 28 U.S.C. § 1332(c)(1), "for the purposes of this section and section 1441 of this title a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business[.]" Pursuant to 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]"

13.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United State for the district and division embracing

the place where such action is pending."  Pursuant to 28 U.S.C. § 1446(b)(2)(A), "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

14.     Pursuant to 28 U.S.C. § 1441(b)(3),"except as provided in subsection (c), if the case stated by the initial pleading is not removeable, a notice of removal maybe filed within 30 days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

## COMPLIANCE WITH REMOVAL PROCEDURES

15.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within one year of the commencement of the action and within 30 days after receipt by Defendants, through service or otherwise, of other paper from which it may first be ascertained that the case is one which is or has become removable  *See Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136 (2013).

16.     This Notice of Removal is properly filed with this Court pursuant to 28 U.S.C. § 1446(a) as this Court is the District Court that embraces Multnomah County, Oregon where Plaintiff's action is pending. 28 U.S.C. § 117.

17.     No further proceedings have been had in the Circuit Court of Multnomah County as of the date of filing this removal.

18.     As required by 28 U.S.C. § 1446(d), Defendants will promptly file this Notice of Removal with the Clerk of the Circuit Court of Multnomah County and give written notice to Plaintiff.

19. In filing this Notice, Defendants do not waive any defense or claims that Defendants may have.

WHEREFORE, Defendants remove the above-captioned action from the Circuit Court of the State of Oregon for the County of Multnomah to the United States District Court for the District of Oregon (Portland Division).

DATED this 2nd day of June, 2022

By:     */s/ Caroline A. Hopkins*
Graham B. Miller, OSB No. 161424
Caroline A. Hopkins, OSB No. 183680
Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971-256-4010
Facsimile: 971-275-1928

*Attorneys for Defendants H B T, Inc. dba HB Transportation and Kawaljit Singh Bajwa*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the undersigned is a citizen of the United States and a resident of the State of Oregon, living in said state, over the age of eighteen (18) years, not a party to, and competent to be a witness in this action; that on this date the undersigned caused to be served on counsel of record as shown below, in the manner indicated, a true and correct copy of the foregoing document.

John Pinzelik
Pinzelik Law, P.C.
Hollywood Square Building
1827 NE 44th Avenue, Suite 110
Portland, OR 97213
john@pinzeliklaw.com

(X) *Via CM/ECF Filing*

*Of Attorneys For Plaintiff*

DATED this 2nd day of June, 2022.

                                            *s/ Chanelle S. Curfman*
                                            Chanelle S. Curfman
                                            ccurfmam@wshblaw.com

24704281.1:10872-0050